## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEVIN SOUFFRANT** | **: CIVIL ACTION** |
| | : |
| **v.** | **: NO. 5: 18-2848** |
| | : |
| **KEVIN KAUFFMAN,** *et al* | : |

## MEMORANDUM

**KEARNEY, J.**                                                                                                    **April 18, 2019**

Kevin Souffrant objects to Chief Judge Caracappa's January 30, 2019 Report and Recommendation to deny his *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 based on ineffective assistance of counsel and trial court errors. After conducting a *de novo* review of the record and Mr. Souffrant's Objections, we enter the accompanying Order overruling Mr. Souffrant's Objections and adopting Chief Judge Caracappa's Report and Recommendation with additional reasoning described below. We dismiss Mr. Souffrant's petition for habeas relief.

We write further to (1) address two new arguments raised in Mr. Souffrant's Objections to the Chief Judge Caracappa's Report and Recommendation concerning jury selection and (2) supplement Chief Judge Caracappa's reasoning concerning two arguments.

### A.    We overrule Mr. Souffrant's Objections raising new arguments concerning trial counsel's failure to strike Juror 7.

In his Objection to the Report & Recommendation, Mr. Souffrant raises a new argument concerning Juror 7. Mr. Souffrant may not raise new arguments at this stage.[1] We address these arguments for the sake of exhaustion.

During *voir dire*, trial counsel explained Pennsylvania provides different degrees of homicide: "And you said there's different degrees of homicide; first degree, third degree, voluntary

manslaughter, involuntary manslaughter, there's the defense of self-defense, crime of passion, and you would be able to look at all of these if they're at issue in this case, right, and be fair and impartial?"[2] Juror 7 responded, "If somebody explained to me what the differences are, yes."[3] Mr. Souffrant now argues trial counsel's ineffectiveness because "no one ever explained to this individual juror the difference between the charges[.]"[4]

Assuming he argues trial court error, his claim is procedurally defaulted. Mr. Souffrant did not raise this argument to the state court during post-conviction relief proceedings and cannot now present the claim.

Mr. Souffrant may be attempting to raise an ineffective assistance claim for trial counsel's failure to object to the lack of explanation. Even if we characterize his argument as one of ineffective assistance, the claim does not warrant application of the exception for procedural default in *Martinez v. Ryan* because it lacks merit.[5]

In *Martinez*, the Supreme Court recognized two narrow exceptions in which we may excuse a procedural default for claims of trial counsel's ineffective assistance: (1) if "the state courts did not appoint counsel in the initial-review collateral proceeding"; or, if (2) "appointed counsel in the initial-review collateral proceeding . . . was ineffective under the standards of *Strickland v. Washington*."[6] Under the second exception, Mr. Souffrant must show his underlying trial-level ineffective assistance claim is a "substantial one," possessing "some merit."[7] The post-conviction court appointed counsel but counsel did not raise Mr. Souffrant's ineffective assistance claim. But the underlying claim lacks merit. The trial judge explained the differences between the degrees of homicide before jury deliberations.[8] We cannot find trial counsel ineffective for failing to object to a lack of explanation when the trial court provided the explanation. Mr. Souffrant fails to show his trial counsel ineffective assistance claim has "some merit" warranting application of

2

the *Martinez* exception excusing his procedural default.[9] As the claim is procedurally defaulted, and we find no cause warranting excusal of exhaustion, we dismiss Mr. Souffrant's objection based on an ineffective assistance claim concerning Juror 7.

**B.      We overrule Mr. Souffrant's Objection based on a new argument concerning trial counsel's failure to strike Juror 39.**

Mr. Souffrant's Objections include a new ineffective assistance argument concerning Juror 39. When Mr. Souffrant asked trial counsel to strike Juror 39, trial counsel refused explaining he "was more concerned" about three other potential jurors.[10] The trial judge then excused those three potential jurors. Mr. Souffrant alleges trial counsel knew "there would be no chance" the trial court would seat the three potential jurors. Mr. Souffrant argues trial counsel should have struck Juror 39. Mr. Souffrant's argument is purely speculative. Mr. Souffrant provides no basis for trial counsel's knowledge the trial judge would excuse the three potential jurors. Even assuming trial counsel knew the trial judge would excuse these jurors, Mr. Souffrant fails to show ineffective assistance because, as Chief Judge Caracappa explained, he fails to show Juror 39's bias.

Mr. Souffrant's new ineffective assistance claim concerning Juror 39 is also procedurally defaulted. Even assuming post-conviction counsel's ineffectiveness in failing to raise the claim, the underlying ineffective assistance claim lacks merit warranting application of the *Martinez* exception to excuse Mr. Souffrant's procedural default.[11] Mr. Souffrant cannot show trial counsel's ineffectiveness for failing to strike Juror 39 because he fails to show juror bias. We overrule Mr. Souffrant's Objection raising this new argument concerning Juror 39.

**C.      We dismiss Mr. Souffrant's ineffective assistance claim for trial counsel's failure to consult a ballistics expert.**

In his habeas petition, Mr. Souffrant claims ineffective assistance when trial counsel failed to request a *Frye* hearing concerning the Commonwealth's bullet identification evidence.[12]

3                    .

Pennsylvania courts apply the standard for admitting expert testimony from *Frye v. United States*.[13] Under *Frye*, "novel scientific evidence is admissible if the methodology that underlies the evidence has general acceptance in the relevant scientific community."[14] Mr. Souffrant refers to the Commonwealth's expert Trooper Michael Fortley who offered ballistics testimony matching bullets recovered from the crime scene to bullets from an earlier shooting involving Mr. Souffrant. Mr. Souffrant argues trial counsel should have requested a *Frye* hearing to challenge Trooper Fortley's bullet identification evidence. Within this argument, Mr. Souffrant argues ineffectiveness for trial counsel's failure "to enlist an expert witness to testify on behalf of the defendant to rebut the prosecution's expert[.]"[15] Mr. Souffrant argues trial counsel should have consulted its own ballistics expert. He argues ineffective assistance because, had his counsel retained a defense expert, the trial "could have resulted in a different result."[16]

In her Report and Recommendation, Chief Judge Caracappa rejected Mr. Souffrant's ineffective assistance claim for failure to request a *Frye* hearing. She explained trial counsel moved to exclude the evidence and objected to its admission. But she did not specifically address his sub-argument concerning trial counsel's failure to enlist a defense expert. We agree with Chief Judge Caracappa's conclusion Mr. Souffrant fails to show trial counsel's ineffectiveness for failing to request a *Frye* hearing. We now also address Mr. Souffrant's sub-argument which does not alter Chief Judge Caracappa's conclusion.

Mr. Souffrant's ineffective assistance claim for failure to enlist a defense expert is procedurally defaulted since Mr. Souffrant's post-conviction counsel did not raise this claim in state court. Even assuming Mr. Souffrant argues for application of the *Martinez* exception to excuse his default, his underlying trial counsel ineffective assistance claim lacks merit. Mr. Souffrant merely speculates a defense expert "could have resulted in a different result" without

4

any explanation or evidence showing how a defense expert would alter the result. He argues because counsel failed to enlist an expert, counsel instead relied on "ill-informed cross examination of prosecution's expert."[17] But trial counsel's effective cross-examination resulted in the Commonwealth's expert conceding bullet identification is more difficult without a weapon:

Counsel: So they in their publications say that it is particularly difficult for examiners to make identifications in the absence of a gun, you disagree with that?

Trooper Fortley: I can make an identification to unknown guns. However, if a gun is submitted, there's a better chance of having a known to compare that evidence I received with the known.[18]

The Commonwealth never recovered the firearm used to kill the victim and Trooper Fortley only compared bullet samples. We cannot find trial counsel ineffective for the strategy he employed. Mr. Souffrant fails to show what a defense expert would add to counter the Commonwealth's evidence. Even assuming trial counsel's performance fell outside the accepted level of professional competence, he fails to show the outcome would be different had counsel enlisted an expert. He merely speculates a defense expert "could have" changed the result. Mr. Soufrant's speculation is insufficient to show prejudice.

Mr. Souffrant cites our Court of Appeals' decision in *Showers v. Beard*.[19] In *Showers*, a jury convicted the plaintiff of first-degree murder for secretly feeding the victim a lethal dose of Roxanol. The Commonwealth offered expert testimony a person can mask the bitter taste of the drug and thus administer the drug secretly. The plaintiff's trial counsel argued one could not mask Roxanol's bitter taste and thus, the victim self-administered the drug. The plaintiff's trial counsel failed to consult an expert concerning the ability to mask Roxanol's taste. During post-conviction proceedings, the plaintiff argued ineffective assistance and provided (1) a forensic pathologist who testified Roxanol's bitter properties could not be masked and (2) the plaintiff's trial psychiatrist

5

who testified he advised trial counsel to secure an expert to address masking Roxanol and offered counsel three potential experts. Our Court of Appeals affirmed the district court's finding trial counsel's ineffectiveness for failure to consult an expert.[20]

*Showers* is distinguishable. In *Showers*, the plaintiff proved ineffectiveness by offering expert testimony contradicting the Commonwealth expert's conclusions. She also proved trial counsel rejected offers to consult with potential experts. Mr. Souffrant offers no evidence showing Trooper Fortley reached an incorrect conclusion or used flawed methods. He offers no evidence showing trial counsel rejected proffered defense experts. Mr. Souffrant merely concludes the outcome "could have" been different if trial counsel consulted an expert. We cannot grant Mr. Souffrant habeas relief based on this speculation.

Mr. Souffrant's ineffective assistance claim is procedurally defaulted for failure to raise the claim in state court. We cannot apply the *Martinez* exception to excuse default since Mr. Souffrant's ineffective assistance claim lacks "some merit."[21] We dismiss this claim.

## D. We dismiss Mr. Souffrant's ineffective assistance claim challenging trial counsel's failure to call Dr. Wu as a witness.

In his habeas petition, Mr. Souffrant claims ineffective assistance arguing trial counsel "failed to call witnesses on behalf of the defendant whom would have rebutted" the Commonwealth's theory concerning how Mr. Souffrant committed the crime.[22] In his memorandum, he argues trial counsel failed to call Dr. Daniel Wu as a witness to rebut the Commonwealth's theory.

The Commonwealth argued the victim shot Mr. Souffrant while they wrestled on the couch. When shot at close range, Mr. Souffrant argues his wounds would exhibit burn marks or stippling from the firearm's blast. But Dr. Wu treated Mr. Souffrant's gunshot wounds and found no evidence of burn marks or stippling. Mr. Souffrant argues ineffective assistance because his trial

6

counsel did not call Dr. Wu as a witness. Mr. Souffrant also attempts to make a sufficiency argument in his brief. He claims because of Dr. Wu's assessment, the jury could not believe the Commonwealth's theory about how Mr. Souffrant committed the crime.[23]

In her Report and Recommendation, Chief Judge Caracappa addressed Mr. Souffrant's sufficiency argument concerning Dr. Wu's medical assessment. She construes the petition as Mr. Souffrant arguing Commonwealth's evidence "was insufficient to support the Commonwealth's theory that petitioner was shot by the victim" because of Dr. Wu's medical assessment.[24] Chief Judge Caracappa dismissed the sufficiency claim as procedurally defaulted for failure to raise the claim in state court. Chief Judge Caracappa further explained because Mr. Souffrant failed to raise an ineffective assistance claim, the *Martinez* exception could not apply to excuse the default.

We believe Mr. Souffrant also attempts to raise an ineffective assistance claim concerning trial counsel's failure to offer Dr. Wu as a witness to rebut the Commonwealth's theory of how Mr. Souffrant committed the crime. Even so, Mr. Souffrant failed to raise this claim in state court. Assuming the *Martinez* exception could apply to this ineffective assistance claim to excuse default, the claim is meritless. In cross-examining Commonwealth expert witness Dr. Wayne Ross, trial counsel presented Dr. Wu's observations to cast doubt on the Commonwealth's theory of the case:

Counsel:    Dr. Ross, now, if the attending doctor [Daniel Wu] at Lancaster General Hospital where he was brought from the scene mentioned that there was—that he didn't see significant stippling and it looked like a clean wound and he didn't notice any powder burns to any of his injuries, now what you demonstrated show—what you're saying happened was a shot pretty darn close to his abdomen, right?

Dr. Ross:    Well, it's consistent with being close to his abdomen, yes.

Counsel:    Would you expect to see powder burns, stippling, that kind of thing?

Dr. Ross:    You might or you might not. . . .

7

| Counsel: | So the fact that the doctor didn't find anything before it was worked on, that means it could have been from a distance? |
| Dr. Ross: | Well, I—I didn't—a couple feet away if you want to say that, a few feet away, assuming that there's—that it's accurate.[25] |

Trial counsel presented Dr. Wu's evidence in cross-examining the Commonwealth's witness to cast doubt on the Commonwealth's theory the victim shot Mr. Souffrant at close range. Trial counsel's performance is not deficient for cross-examining the Commonwealth's witness as opposed to offering Dr. Wu's testimony at trial. Even assuming deficient performance, Mr. Souffrant fails to show how offering Dr. Wu as a witness would change the outcome. We cannot apply the *Martinez* exception to excuse default because Mr. Souffrant's underlying trial counsel ineffective assistance claim lacks "some merit."[26] Mr. Souffrant's claim is procedurally defaulted. We dismiss this claim.

## E. Conclusion

We approve Chief Judge Caracappa's Report and Recommendation and overrule Mr. Souffrant's Objections in the accompanying Order.

_____

[1] *Adkins v. Wetzel*, No. 13-3652, 2014 WL 4088482, at \*3 (E.D. Pa. Aug. 18, 2014) (citing E.D. Pa. Local R. Civ. P. 72. 1.IV(c) ("[N]ew issues and evidence shall not be raised after the filing of the Magistrate Judge's Report and Recommendation if they could have been presented to the magistrate judge.")).

[2] N.T. May 5, 2014, at p. 79-80.

[3] *Id.* at p. 80.

[4] ECF Doc. No. 28, at p. 11.

[5] *Martinez v. Ryan*, 566 U.S. 1, 14 (2012).

[6] *Id.*

[7] *Id.*

[8] N.T. May 8, 2014, at pp. 786-93.

[9] *Martinez*, 566 U.S. at 14.

[10] ECF Doc. No. 28, at p. 13.

[11] Under *Martinez*, Mr. Souffrant must show his underlying trial counsel ineffectiveness claim has "some merit" to excuse a procedural default. 566 U.S. at 14.

[12] *Frye v. United States*, 293 F. 1013, 1013 (D.C. Cir. 1923).

[13] *Grady v. Frito-Lay, Inc.*, 839 A.2d 1038, 1044 (Pa. 2003).

[14] *Id.*

[15] ECF Doc. No. 2, at p. 42.

[16] ECF Doc. No. 14, at p. 19.

[17] *Id.* at p. 20.

[18] N.T. M. Fortley, May 7, 2014, p. 625.

[19] *Showers v. Beard*, 635 F.3d 625 (3d Cir. 2011).

[20] *Id.* at 634.

[21] *Martinez*, 566 U.S. at 14.

[22] ECF Doc. No. 2, at p. 42.

[23] ECF Doc. No. 14, at p. 39.

[24] ECF Doc. No. 19, at p. 27.

[25] N.T. W. Ross, May 8, 2014, at p. 713-14.

[26] *Martinez*, 566 U.S. at 14.